UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELANIE J. BUONOME,

        Plaintiff,

v.                                         Case No.  8:04-CV-2718-T-26MSS

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

## ORDER

**THIS CAUSE** is before the Court on the Plaintiff's Motion to Remand for Further Administrative Proceedings to Consider New, Material Evidence (Dkt. 13) and Commissioner's Memorandum in Response thereto (Dkt. 16). Plaintiff seeks to remand this case to the Commissioner for further action under sentence six of 42 U.S.C. § 405(g). Specifically, Plaintiff requests that the case be remanded to the Administrative Law Judge (the "ALJ) for consideration of a letter from the Plaintiff's former, semi-retired physician declaring the Plaintiff disabled during the disability period, a letter from Plaintiff's treating psychiatrist concurring with the opinion of Plaintiff's semi-retired physician, and correspondence regarding failed attempts to locate the Plaintiff's medical records pertaining to the disability period.

The Undersigned has reviewed the record, including a transcript of the proceedings before the ALJ, the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case. For the reasons that

follow, it is **ORDERED** and **ADJUDGED** that the Plaintiff's Motion to Remand (Dkt. 13) is **DENIED**.

I.  Background

    A.  Procedural History

Plaintiff protectively filed applications for disability and disability insurance benefits on January 22, 2001. (T. 94-96.) Plaintiff alleged an onset of disability on October 10, 1985, due to panic attacks, stress disorder, and manic depression. (T. 105.) Her applications were denied initially and upon reconsideration. Plaintiff requested a hearing, which was held on April 17, 2003, before Administrative Law Judge Victor L. Cruz (hereinafter referred to as the "ALJ"). (T. 30.) In a decision dated August 15, 2003, the ALJ denied Plaintiff's claims for benefits. (T. 23.) The Appeals Council denied review of the decision on August 20, 2004. (T. 5.) This action for judicial review ensued.

    B.  Medical History and Findings Summary

Plaintiff's medical history is set forth in the ALJ's decision. By way of summary, Plaintiff complained of depression, anxiety, stress, and panic attacks. (T. 17.)

At the hearing, Plaintiff presented the ALJ with medical records from Plaintiff's treating and examining physicians. After considering the evidence, the ALJ found that although Plaintiff suffered from severe mental impairments, she did not have an impairment or combination of impairments listed in or medically equal to one listed

in Appendix 1, Subpart P, Regulations No. 4 as of her last date insured, December 31, 1990.  (T. 19, 22.)

The ALJ found Plaintiff's allegations of her functional limitations and disabling impairments were not fully credible. (T. 20, 22.)  The ALJ determined that during the disability period from October 10, 1985 to December 31, 1990, Plaintiff retained the residual functional capacity to lift occasionally and/or carry 20 pounds and frequently lift and/or carry 10 pounds, stand and/or walk about 6 hours in an 8-hour workday and sit for a total of 6 hours in an 8-hour workday.  (T.20.)  The ALJ additionally found that Plaintiff needed a minimally stressful job requiring no more than simple interpersonal reslationships.  (T. 20.)  Based on these findings, the ALJ concluded Plaintiff retained the residual functional capacity to perform a wide range of light work. (T.22.) After eliciting the testimony of a vocational expert, the ALJ determined that Plaintiff's residual functional capacity, prevented Plaintiff from performing her past relevant work. (T. 21, 22).  The ALJ, however, found that a significant number of jobs in the national economy exist that Plaintiff could perform despite her limitations, including packing machine feeder and injection molding machine tender. (T. 21).  The ALJ therefore concluded that Plaintiff was not disabled under the Act. (T. 22, 23.)

II.	Plaintiff's Proffered Evidence in Support of Remand

In support of her motion for remand under sentence six of 42 U.S.C. § 405(g), the Plaintiff offers a previously unseen letter from her treating physician, Dr. Morris Listopad,

3

who treated Plaintiff in the late 1980's for anxiety, depression, insomnia, chest pain, palpitations, shortness of breath, and fatigue. (Dkt. 13, Exhibit B.) The letter is dated October 25, 1999, and expresses Dr. Listopad's opinion that the Plaintiff was markedly anxious and depressed. (Dkt. 13, Exhibit B.) Dr. Listopad also opined that the Plaintiff's condition was severe and that he felt the Plaintiff would have been precluded from work, especially full-time work, during the disability period. (Dkt. 13, Exhibit B).

Plaintiff also submitted a statement dated November 30, 2004, which is authored by Plaintiff's current treating psychiatrist, Dr. Barkat Khan. (Dkt. 13, Exhibit A.) In the statement, Dr. Khan summarizes Plaintiff's medical history, provides the results of a reexamination of the Plaintiff, and concurs with Dr. Listopad's 1999 opinion letter, noting that Plaintiff "was disabled and unemployable even before the year 1990." (Dkt. 13, Exhibit A.)

Included with these two documents is correspondence generated as a result of Plaintiff's failed attempts to locate her medical records. (Dkt. 13, Exhibit C). The documents labeled Exhibit C are offered as good-faith evidence of Plaintiff's efforts to obtain medical records relevant to her claim of disability for the period of October 10, 1985 to December 31, 1990.

Plaintiff argues that the case should be remanded, because she now offers new evidence that is material to her case. (Dkt. 13). Specifically, the Plaintiff contends that the retrospective opinion of Dr. Khan, when combined with the heretofore unseen opinion letter from Dr. Listopad, provides new evidence strongly supporting the conclusion that Plaintiff is disabled due to depression during the relevant disability period. (Dkt. 13.) The Plaintiff

further notes that the fact that Dr. Listopad's original treatment notes have not been located serves only to increase the importance of Dr. Listopad's letter. (Dkt. 13.)

Defendant counters that the evidence proffered by Plaintiff does not warrant remand under sentence six of 42 U.S.C. § 405(g), because it is not material and cannot reasonably be expected to change the ALJ's decision. (Dkt. 16.) Defendant observes that the evidence is merely a conclusory opinion unsupported by treatment notes or objective evidence.

III.    Legal Analysis

Under sentence six of 42 U.S.C. § 405(g), the Court may remand a case for the taking of additional evidence "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g). To prove that remand is appropriate in this case, Plaintiff "must show that '(1) there is new, noncumulative evidence; (2) the evidence is 'material,' that is, relevant and probative so there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for the failure to submit the evidence at the administrative level.'" Vega v. Commissioner of Social Security, 265 F.3d 1214 (11th Cir. 2001)(citations omitted). See also Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998); Smith v. Bowen, 792 F.2d 1547, 1550 (11th Cir. 1986). It is not necessary that the Plaintiff demonstrate error before remand under sentence six is available, so long as new, material evidence exists. Jackson v. Chater, 99 F.3d 1086, 1095 (11th Cir. 1996).

Evidence is material if there is a reasonable possibility that the new evidence would change the administrative outcome. Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987). In his decision, the ALJ considered previously proffered medical evidence that the claimant

was disabled or unable to work, but also noted that "a physician's opinion is not controlling in the absence of supporting evidence such as clinical or laboratory findings or other medically acceptable evidence." (T. 20); See also Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991) (noting a treating physician's opinion may be rejected when the opinion is unsupported by objective medical evidence or is merely conclusory). The ALJ specifically rejected the opinion of Dr. Khan in his decision precisely because there was an "absence of clinical or laboratory findings . . . prior to December 31, 1990." (T. 20).

The letter from Dr. Listopad suffers from the same flaw in that it is also unsupported by clinical or laboratory findings or other medically acceptable evidence. Rather, the letter merely recites that Dr. Listopad saw the Plaintiff on a "few occasions" and performed cardiac and laboratory tests on the Plaintiff that revealed no physical abnormalities other than "heart beat skipping & racing with chest pain." See (Dkt. 13, Exhibit B.)

Though Dr. Listopad asserts that Plaintiff was suffering from depression and anxiety, the ALJ did not dispute these facts, finding that Plaintiff's condition was "severe" based on the requirements of 20 C.F.R. § 404.1520(c). (T. 22.) This fact was taken into consideration when the ALJ determined that the Plaintiff would be unable to return to her past relevant work and retained only a residual functional capacity for a wide range of light-work requiring no more than simple interpersonal relationships. See (T. 20.)

The only ostensibly new evidence presented by the letter is Dr. Listopad's unsupported belief that Plaintiff's condition would have precluded her from working during the period she was last insured for benefits. See (Dkt. 13, Exhibit B.) As a doctor of internal medicine, however, Dr. Listopad's role in the Plaintiff's treatment was limited as he merely tested Plaintiff extensively for a cardiac problems before suggesting that the Plaintiff

seek psychiatric help. See (T. 52; Dkt. 13, Exhibit B.) Given the foregoing, this Court finds that the conclusory statement of Dr. Listopad, unsupported by any objective medical evidence, cannot reasonably be expected to change the outcome of the underlying administrative proceeding and is therefore not material pursuant to the requirements for remand under sentence six of 42 U.S.C. § 405(g).

Considering Dr. Khan's written statement in support of Dr. Listopad's conclusory opinion and the correspondence regarding Plaintiff's missing medical records from the period of disability, this Court finds that neither is material. The ALJ has already reviewed a declaration of total disability from Dr. Khan in the record and has acknowledged that the Plaintiff's medical records from the period of disability are unavailable. See (T. 20) (noting that the ALJ acknowledges Dr. Khan's medical opinion and that medical records from Dr. Listopad were unavailable due to his retirement); (T. 129) (containing declaration by Dr. Khan that Plaintiff is disabled); and (T. 53) (acknowledgment of the Plaintiff's failed attempts to obtain medical records from Dr. Listopad as contained in the transcript of the administrative hearing). There is nothing additional contained within Exhibits A and C that would suggest a reasonable probability of changing the outcome of the administrative hearing.

IV. Conclusion

Because the Court finds that the letter from Dr. Listopad, report from Dr. Khan, and correspondence regarding the loss of the Plaintiff's medical records cannot reasonably be expected to change the outcome of the administrative hearing, the Court concludes that such "new" evidence is not material and may not serve as the basis of remand under sentence six of 42 U.S.C. 405(g). The Court hereby **ORDERS** that Plaintiff's Motion to

Remand (Dkt. 13) be **DENIED**. The Court will address by separate Order the claims remaining in this case as set forth in the parties' memoranda already on file.

**DONE AND ORDERED** in Tampa, Florida on this 1st day of February 2006.

MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record